IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**CERTUS BANK, N.A., as successor in interest to ATLANTIC SOUTHERN BANK**,

      Plaintiff,

v.

**CDS DEVELOPMENT ASSOCIATES, LLC, EUGENE C. DUNWOODY, JR., and JACK W. JENKINS,**

      Defendants.

Civil Action No. 5:13-CV-211 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion for Summary Judgment. (Doc. 19). After reviewing the pleadings, briefs, affidavits, and other evidentiary materials presented, and determining that there is no genuine dispute of the material facts, the Court finds that Plaintiff is entitled to judgment as a matter of law and grants Plaintiff's motion.

## I.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled the judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings,

depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who then must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

2

## II.    FACTS

Defendants do not contest Plaintiff's Statement of Material Facts and admit that the facts as alleged are true. The Court accordingly adopts Plaintiff's statement of facts as follows:

On or about May 22, 2010, Defendant CDS Development Associates, LLC ("CDS") executed and delivered to Atlantic Southern a Commercial Loan Agreement (the "Loan Agreement"). The Loan Agreement was executed on that same date on behalf of CDS by its member Southern Land Development Associates, LLC ("Southern Land") by Ronald B. Conners in his capacity as managing member of Southern Land. CDS also provided a Promissory Note in favor of Atlantic Southern executed by Conners in the principal amount of $291,349.60. Defendants Eugene C. Dunwoody, Jr. and Jack W. Jenkins both guaranteed the loan pursuant to a Guaranty in which each Defendant absolutely and unconditionally guaranteed to Atlantic Southern full and prompt payment when due of all amounts owed by CDS to Atlantic Southern under the Loan Agreement, the Note, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Loan Documents").

CertusBank is the current holder of the Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

3

The Note matured on May 22, 2011. On or about October 5, 2012, Plaintiff's counsel sent notice of nonpayment and demand for payment under the Loan Documents to Defendants. In the demand letter, Plaintiff provided notice to Defendants pursuant to O.C.G.A. § 13-1-11 that the provisions of the Note providing for payment of attorneys' fees would be enforced if the amount due and owing under the Note were not paid within ten (10) days of receipt thereof.

As of April 18, 2014, the net amount due under the Note is calculated as follows:

| | |
|---|---:|
| Principal: | $121,764.81 |
| Interest To Nov 05, 2013: | $16,874.25 |
| Late Charges: | $447.25 |
| Foreclosure Bid Amount | ($33,075.00) |
| Interest 162 Days @ 20.46 11/6/13 to 4/17/14 | $3,314.52 |
| Appraisal Expense | $9,850.00 |
| Property Inspections | $1,100.94 |
| Property Tax Expenses | $28,710.84 |
| Statutory Legal Fees at 15% | $20,795.86 |
| **Net Amount Due:** | **$169,783.47** |

Interest continues to accrue at the per diem rate of $20.46 as of April 18, 2014. Plaintiff filed this lawsuit in pursuit of full satisfaction of the debt alleged.

## III.   DISCUSSION

Defendants concede their liability under the applicable Loan Documents and do not challenge the amount of damages sought by Plaintiff. In the absence of any contested issues of material fact or any matter of law, summary judgment in favor of Plaintiff's is appropriate.

Defendants' only defense to this litigation is that the Court lacks subject matter jurisdiction over the claims asserted by Plaintiff. Defendant contends that Plaintiff failed properly to plea facts sufficient to establish diversity jurisdiction and, therefore, that Plaintiff's motion for summary judgment should be dismissed. This argument lacks merit

Upon filing this case, Plaintiff asserted that the Court has jurisdiction to hear the matter pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff, as a citizen of South Carolina, is diverse from the three Georgia Defendants. Diversity jurisdiction exists where the parties to the action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendant argues that Plaintiff did not adequately plea that the parties are citizens of different states, claiming that Plaintiff did not state any facts or point to any provision of the bank's articles of association that identify Plaintiff's home state for jurisdictional purposes. While state banks typically are chartered by a particular state, national banks are not; rather they are corporate entities chartered by the Comptroller of the Currency of the U.S. Treasury. Wachovia Bank, NA v. Schmidt, 546 U.S. 303, 306 (2006). Accordingly, when determining whether a court has diversity jurisdiction, Congress has provided that a national

banking association such as Plaintiff is deemed to be a citizen of the state where it is "located." Id. (citing 28 U.S.C. § 1348); see also Arthur v. JP Morgan Chase Bank, NA, 2014 U.S. App. LEXIS 11058, * 9 (11th Cir. Jun. 13, 2014). For the purposes of § 1348, it is well settled that a national bank is a citizen of the State in which its main office is located. Wachovia, 546 at 307.

The Court is satisfied that Plaintiff met its burden of identifying the citizenship of each party and finds that the Court has diversity jurisdiction over Plaintiff's claims. Plaintiff clearly identified itself in the complaint as a national banking association with its principal place of business in South Carolina. In support of the pending motion, Plaintiff additionally attached the affidavit of Ray Persenaire, a Vice President of the bank who testified that "Certus Bank is a National Banking Association with its principal place of business located in South Carolina." (Doc. 19-1, ¶ 3). While the affidavit of the bank officer was sufficient to establish Plaintiff's citizenship, see Davidson v. Mortg. Elec. Registration Sys., 2012 U.S. Dist. LEXIS 186503, *6 (N.D. Ga. May 7, 2012) (citing Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005), Plaintiff also attached to its reply brief a secondary affidavit of Plaintiff's Corporate Secretary Thomas A. Simpson along with a copy of Plaintiff's Articles of Association. These materials conclusively demonstrate that Plaintiff's main office is located in South Carolina.

Defendants do not contest that they are citizens of Georgia as alleged in Plaintiff's complaint. Accordingly, the Court finds that there is complete diversity and that the Court may properly exercise jurisdiction over the case.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion for Summary Judgment. (Doc. 19). The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $169,783.47 as of April 18, 2014, plus additional interest, fees, attorney's fees, costs and charges that have accrued under the terms of the Note and Georgia law from that date forward. Plaintiff is ordered to prepare and submit an itemization of accrued interest, fees and costs as provided for by the terms of the Note by September 24, 2014. Defendants shall have until October 1, 2014, to file any response. The Court shall delay entry of judgment in this matter until after a final determination of the appropriate amount of interest, fees and costs.

**SO ORDERED**, this 10th day of September, 2014.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks

7